[877 NYS2d 728]

In the Matter of Louis Rosado, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, May 1, 2009

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo for petitioner.

*Joel L. Daniels*, Buffalo, respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, First Department, on August 6, 1990, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with failing to comply with disciplinary rules concerning the maintenance of client funds and with other acts of misconduct. Respondent filed an answer admitting the material allegations of the petition, and he appeared before the Court and submitted matters in mitigation.

Respondent admits that, during the time period set forth in the petition, he failed to maintain a special bank account in which to deposit client funds and that he deposited settlement proceeds obtained in personal injury matters into the personal bank account of a friend. Additionally, during the time period when the client funds were on deposit, respondent's friend continued to use the account and allowed another individual to have access to it. Respondent also admits that he left earned fees in the account, failed to keep records related to the funds or to the distribution of the proceeds and that, in two matters, he improperly computed his fee. Respondent further admits that he purchased a money order on behalf of a client for payment of a lien and then left the money order in the client's file for a period of six months. Finally, respondent admits that he extended loans to clients without disclosing the terms of the transactions to the clients in writing, his interest in the transactions or the inherent conflict of interest therein, and without advising the clients to seek the advice of independent counsel with respect to the transactions.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (a) (22 NYCRR 1200.11 [a])—entering into an agreement for, charging or collecting an illegal or excessive fee;

DR 2-106 (d) (22 NYCRR 1200.11 [d])—promptly after being employed in a contingent fee matter, failing to provide the client with a writing stating the method by which the fee is to be determined and, upon conclusion of the matter, failing to provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by his own financial interests;

DR 5-104 (a) (1) and (3) (22 NYCRR 1200.23 [a] [1], [3])—entering into a business transaction with a client if they have differing interests therein and if the client expects him to exercise professional judgment therein for the protection of the client without disclosing the terms of the transaction to the client in writing and obtaining in writing the consent of the client to those terms and to his inherent conflict of interest in the transaction;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (2) (22 NYCRR 1200.46 [c] [2])—failing to identify and label securities and properties of a client or third person promptly upon receipt and to place them in a safe deposit box or other place of safekeeping as soon as practicable; and

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them.

Additionally, we conclude that respondent has violated 22 NYCRR 1022.31 (c) by computing his fee in two personal injury matters prior to deducting disbursements.

We have considered the matters submitted by respondent in mitigation, including that all of respondent's clients were paid their share of settlement proceeds and that the charges against

respondent did not result from a client complaint. Additionally, we have considered the submission of respondent that he was not motivated by dishonesty, that he cooperated completely with the investigation of the Grievance Committee and that he has opened a special account for the deposit and maintenance of client funds and has implemented changes in his accounting procedures. Finally, we have considered the expression of extreme remorse by respondent for his misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

MARTOCHE, J.P., FAHEY, CARNI, GREEN and PINE, JJ., concur.

Order of censure entered.