[933 NYS2d 626]

In the Matter of Louis Rosado, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, November 28, 2011

104

## APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Louis Rosado*, pro se, respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, First Department on August 6, 1990 and maintains an office in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglecting client matters and failing to cooperate with the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving all outstanding factual issues. Based upon that stipulation, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent filed no papers in opposition to the motion, and he appeared before this Court and submitted matters in mitigation.

With respect to the first charge of the petition, the Referee found that, in December 2007, respondent was retained to secure a qualified domestic relations order (QDRO) concerning certain pension benefits belonging to his client's former spouse. Although the benefits became available in February 2008 and respondent obtained an order directing his client's former spouse to show cause why his client was not entitled to a portion of the benefits, the Referee found that respondent thereafter failed to respond to inquiries from his client and failed to take further action on the matter until August 2010 when, upon penalty of contempt, the court presiding over the matter directed respondent to submit a proposed QDRO to the court. The Referee further found that, after respondent submitted the proposed QDRO, he failed to follow up with the court to secure a portion of the pension benefits for his client.

With respect to charge two, the Referee found that, in May 2007, respondent was retained to obtain a judgment of divorce against a resident of El Salvador. The Referee found that, al-

though respondent filed a summons and notice and sent them to El Salvador for service, he twice thereafter received a defective affidavit of service from the process server in El Salvador. The Referee further found that respondent, through February 2011, failed to obtain a proper affidavit of service, failed to communicate with his client regarding the matter and failed to take further action to complete the matter.

With respect to charge three, the Referee found that respondent was retained in April 2008 to file a petition for bankruptcy on behalf of a married couple, and he was paid funds in the amount of $1,525 for his legal fees and the bankruptcy filing fee. The Referee found that, for at least nine months, respondent kept the sum of $299, which his clients intended to be used for payment of the bankruptcy fee, in an unlocked filing cabinet. The Referee further found that, although respondent possessed all information necessary to file the bankruptcy petition in August 2008, he did not file the petition until August 2009, after his clients filed a complaint with the Grievance Committee.

With respect to charge four, the Referee found that respondent was retained in September 2008 to represent an individual as the purchaser of certain residential real property. Respondent received four separate checks from his client, which were for the purpose of satisfying an existing mortgage, satisfying arrears for municipal water and garbage user fees and paying the closing costs of the transaction, including respondent's legal fee. The Referee found that respondent delegated the matter to a nonemployee who mistakenly paid to the mortgage holder the funds that were intended to satisfy the arrears for municipal water and garbage user fees. The Referee further found that respondent thereafter failed to respond to inquiries from his client regarding the matter and failed to take action to complete the matter. In addition, the Referee found that respondent failed to file with the County Clerk the deed relating to the transaction and that, in 2010, respondent's client incurred additional expenses to retain replacement counsel in order to complete the matter.

With respect to charge five, the Referee found that respondent was retained in March 2007 to prosecute a criminal appeal and, although he took certain preliminary steps to prosecute the matter, he failed to perfect the appeal. The Referee further found that respondent did not provide a refund to his client until April 2009, after she filed a complaint with the Grievance Committee.

The Referee additionally found that, with respect to charges one and two, respondent failed to provide his clients with a statement of client's rights, a written retainer agreement and billing statements at regular intervals as required by the Appellate Division rules governing domestic relations matters. The Referee further found that, in three of the above-referenced matters, respondent failed to make and keep records concerning the receipt, maintenance or disbursement of client funds. In addition, the Referee found that, from January through June 2010, respondent failed to respond in a timely manner to repeated requests from the Grievance Committee for information regarding the above matters.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii]) and rule 1.5 (d) (5) (ii) of the Rules of Professional Conduct (22 NYCRR 1200.0)—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 2-106 (f) (22 NYCRR 1200.11 [f]) and rule 1.5 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities at the initial conference and prior to the signing of a written retainer agreement;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]) and rule 1.16 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) and rule 1.15 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]) and rule 1.15 (c) (3) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain complete records of all funds of a client coming into his possession and to render appropriate accounts to his client regarding them;

DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9]) and rule 1.15 (d) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to make accurate, contemporaneous entries of all financial transactions in his records of receipts and disbursements, his special accounts, his ledger books and in any other books of account kept by him in the regular course of his practice;

rule 1.3 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client; and

rule 1.4 (a) (2)-(4) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to consult with a client in a reasonable manner about the means by which the client's objectives are to be accomplished; failing to keep a client reasonably informed about the status of a matter; and failing in a prompt manner to comply with a client's reasonable requests for information.

Finally, we conclude that respondent has violated 22 NYCRR part 1400 by failing to provide clients in domestic relations matters with a statement of client's rights, a written retainer agreement and itemized billing statements at regular intervals.

In determining an appropriate sanction, we have considered the ongoing nature of respondent's misconduct inasmuch as respondent has previously received two letters of caution and has been censured by this Court for similar misconduct (*Matter of Rosado*, 64 AD3d 123 [2009]). In addition, we have considered that respondent's misconduct caused harm to several of his clients. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court.

CENTRA, J.P., PERADOTTO, LINDLEY, GREEN and MARTOCHE, JJ., concur.

Order of suspension entered. (Filed Nov. 25, 2011.)